UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JEFFREY CHILDS,

               Plaintiff,

  -against-                        **MEMORANDUM AND ORDER**
                                      Case No. 15-CV-05991 (FB)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

               Defendant.
-------------------------------------------------x

Appearances:
*For the Plaintiff*:                                *For the Defendant*:
Louis R. Burko                                  Richard P. Donoghue
Severance, Burko, & Spalter, P.C.         United States Attorney
16 Court Street, Suite 2800               Eastern District of New York
Brooklyn, NY 11241                        271 Cadman Plaza East
                                                       Brooklyn, NY 11201
                                                        By: Matthew J. Mailloux

**BLOCK, Senior District Judge:**

      Plaintiff's attorney, Louis Burko, seeks a fee award of $41,426.11 for the successful representation of his client, Jeffrey Childs, pursuant to 42 U.S.C. § 406(b). The amount sought reflects an agreed-upon contingent fee of 25%, less fees recovered from the Commissioner under the Equal Access to Justice Act ("EAJA").

      In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Court instructed district courts to review requested fee awards under § 406(b) for "reasonableness." This standard was also articulated by the Second Circuit in *Wells v. Sullivan*, 907 F.2d

1

367 (2d Cir. 1990) as a three-factor test: (1) whether the requested amount exceeds the 25% statutory cap imposed by § 406(b), (2) whether there was fraud or overreaching in the making of the agreement, and (3) whether the requested amount results in a windfall for the attorney. *Id.* at 372.

As noted, the requested amount conforms to the 25% statutory cap. The record does not reflect fraud or overreaching in the making of the agreement, nor of a windfall to Burko. This case went through two rounds of litigation in the federal courts, and Childs was ultimately well-served by Burko's representation, receiving both $219,848.00 in past-due and ongoing benefits for life. The Court thus finds that the fee award is reasonable. *See also Heffernan v. Astrue*, 87 F. Supp. 3d 351, 355 (E.D.N.Y.) (citing cases).[1]

---

[1] The request is also timely. It was filed on April 19, 2018, approximately a month after March 21, 2018, the date that the Commissioner's Notice of Award was received. There is disagreement among the circuit courts as to the standard for timeliness for attorney's fee requests in Social Security cases. The Tenth Circuit uses a reasonableness standard pursuant to Fed. R. Civ. P. 60(b)(6). *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). The Third, Fifth, and Eleventh Circuits have imposed a 14-day deadline pursuant to Fed. R. Civ. P. 54(d)(2)(B) (equitably tolled from the date the Notice of Award is received). *See Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). The Second Circuit has not yet examined the question, but many courts in the circuit, including this Court, have employed the reasonableness standard. *See, e.g, George v. Astrue*, 04-CV-1545, 2009 WL 197054 (E.D.N.Y. Jan. 28, 2009) (Block, J.) (20 days). Although some judges have disagreed, *see, e.g.*, *Sinkler v. Berryhill*, 304 F. Supp. 3d 448, 458 (W.D.N.Y. 2018) (Wolford, J.), this Court will continue employing the reasonableness standard until the Second Circuit rules on the issue.

For the foregoing reasons, the fee request is granted.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 11, 2018